IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VOLPE INDUSTRIES, INC. ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| vs. ) | |
| ) | |
| ICONICS, INC. and ) | |
| MARCO TAGLIAFERRI ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**COMPLAINT**

Plaintiff Volpe Industries, Inc., by its attorneys, files this complaint against defendants, Iconics, Inc. and Marco Tagliaferri alleging as follows:

JURISDICTION AND VENUE

1. This action arises under the Federal Copyright Act 17 U.S.C. §§ 1051 et seq. (the "Copyright Act") and the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 et seq. (the "Declaratory Judgments Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2. Venue in this district is proper under 28 U.S.C. §§ 1391(b) and 1400.

PARTIES

3. Plaintiff is a corporation with its principal place of business in Seekonk, Massachusetts and does business under the corporate name, Volpe Industries, Inc.

4.      Defendant, Iconics, Inc. ("Iconics"), is, on information and belief, a privately held corporation having a principal place of business in Foxboro, Massachusetts and is and has been actively carrying out the wrongful acts alleged herein in this District. Defendant, Marco Tagliaferri is, on information and belief, an individual and a managing agent of defendant, Iconics, Inc. who permanently resides and has been actively carrying out the wrongful acts alleged herein in this District.

BACKGROUND OF THE ACTION

5.      Plaintiff is and at all relevant times has been engaged in making and selling computer software that processes, manages and operates video surveillance cameras and data collected by such video cameras.

6.      Plaintiff is and at all relevant times is the creator, owner, co-owner, assignee, author and/or co-author of certain original, creative and copyrightable works of computer software, technical specifications and emails and of all valid copyrights therein (hereinafter collectively Plaintiff's "Work" or "Works").  The expression contained in Plaintiff's Works is wholly original and is copyrightable subject matter under the copyright laws of the United States. Plaintiff has applied for and obtained the following valid and subsisting United States copyright registrations for Plaintiff's Works:

(a)     United States Copyright Registration No. TXu 1-609-887 for the work entitled "FOXTROT SOURCE CODE (hereinafter individually the "Foxtrot" Source Code) with an effective date of registration of June 4, 2009 (Exhibit A, attached).

(b)     United States Copyright Registration No. TXu 1-605-761 for the work entitled "FOXTROT REQUIREMENT SPECIFICATION" (hereinafter individually the "Foxtrot Requirement Specification") with an effective date of registration of June 4, 2009 (Exhibit B).

(c) United States Copyright Registration No. TXu 1-605-758 for the work entitled "FOXTROT FUNCTIONAL SPECIFICATION" (hereinafter individually the "Foxtrot Functional Specification") with an effective date of registration of June 4, 2009 (Exhibit C).

(d) United States Copyright Registration No. TXu 1-614-643 for the work entitled FOXTROT NARRATIVE (hereinafter individually the "Foxtrot Narrative") with an effective date of registration of September 10, 2009 (Exhibit D).

7. Plaintiff created, wrote and authored the Foxtrot Functional Specification.

8. Plaintiff hired or retained one or more consultants to contribute to the creation and writing of the Foxtrot Source Code, the Foxtrot Requirement Specification and/or the Foxtrot Narrative on the agreement that all rights of every nature to said consultant(s)' individual contributions would be the property of Plaintiff.

9. Plaintiff through one or more of its employees contributed to the creation and writing of the Foxtrot Source Code, the Foxtrot Requirement Specification and the Foxtrot Narrative.

10. One or more of Plaintiff's employees conceived and reduced to practice certain inventions disclosed or embodied in and which encompass the subject matter and/or use of the subject matter of one or more of the Foxtrot Source Code, the Foxtrot Requirement Specification and/or the Foxtrot Functional Specification. One or more patents or patent applications are pending, have been filed and/or will be filed that claim and encompass said inventions. Said pending patents and applications encompass the making, use, sale and offering for sale of the subject matter of one or more of the Foxtrot Source Code, the Foxtrot Requirement Specification and/or the Foxtrot Functional Specification. All rights in, under and to said inventions, patent applications and/or patents are owned exclusively by Plaintiff.

## DEFENDANTS' UNLAWFUL CONDUCT

11.     Defendants copied and used Plaintiff's Works and the subject matter thereof without license or authority from Plaintiff or from any other person or entity who has any valid claim to ownership of the intellectual property rights in or to any of Plaintiff's Works.

12.     With regard to the Work encompassed by or embodied in the Foxtrot Source Code, Registration No. TXu 1-609-887, Defendant Iconics, Inc. made or caused to be made an unauthorized copy of this work and caused said unauthorized copy to be delivered to Plaintiff's attorney and agent without Plaintiff's knowledge or consent.  Defendant Iconics has used said unauthorized copy of this work to harm Plaintiff.  With regard to the works encompassed by or embodied in the Foxtrot Requirement Specification, Registration Nos. TXu 1-605-761, the Foxtrot Functional Specification, Registration No. TXu 1-605-758 and the Foxtrot Narrative, Registration No. TXu 1-614-643, Defendants copied these works without Plaintiff's knowledge or authority, distributed and used said works to gain knowledge of Plaintiff's proprietary concepts and expressions for a patentable and copyrightable computer software program that carries out video surveillance management.  Defendants further copied and used copies of one or more of the Works to intentionally interfere with Plaintiff's advantageous business relationship(s) with its consultant(s) and to forestall/prevent Plaintiff's attempts to complete development and commercialization of the Foxtrot Source Code.

13.     The aforesaid acts by Defendants have caused, are causing and will continue cause Plaintiff great harm and damage in an amount as yet undetermined.

14.      Upon information and belief, Defendant has engaged and will continue to engage in such unauthorized activities in this District and elsewhere in interstate commerce and is likely to continue such activities to the great injury of Plaintiff.

## FIRST CAUSE OF ACTION

(Federal Declaratory Judgment, 28 U.S.C. §§ 2201 and 2202)

15. Plaintiff repeats and realleges each allegation set forth in paragraphs 1-14 above.

16. Defendant Iconics claims that it is the exclusive owner and/or a co-owner of all copyright, patent, creation, invention, conception and all other intellectual property rights in or to one or more of the writings, expressions, conceptions and inventions embodied and/or disclosed in the Foxtrot Source Code, the Foxtrot Functional Specification, the Foxtrot Requirement Specification and/or the Foxtrot Narrative.

17. An actual case or controversy exists between the parties regarding the rightful ownership of, control of, the identity of authors and authorship of, the identity of inventors and inventorship of, the creation, invention, conception and reduction to practice of one or more of the Works, the inventions disclosed in the Works and any and all copyright rights, patent rights and patentable inventions in, under or to one or more of the Works.  An actual case or controversy exists between the parties regarding the rights of Plaintiff's consultant(s) who has/have assigned or otherwise transferred his/their rights in or to one or more of the Works to Plaintiff.   An actual case or controversy exists between the parties regarding Plaintiff's consultants' right to use and own their own knowledge, skills, talents and abilities some part or all of which may have been acquired or developed at a time when employed by defendant, Iconics, Inc..  An actual case or controversy exists between the parties regarding the rights of Plaintiff's consultant(s) right to exclusively own software, ideas, copyrights, inventions, patents, writings, software and conceptions that they authored, created, wrote, developed, conceived or invented at a time both when they were employed and not employed by defendant, Iconics, Inc.   An actual case or controversy exists between the parties regarding the rights of Plaintiff's consultant(s) right to exclusively own

software, ideas, copyrights, inventions, patents, writings, software and conceptions that are not related to and/or do not compete with any product or business that defendant has or had ever produced, advertised or was in process of developing while they were employed by defendant. An actual case or controversy exists between the parties regarding the validity and enforceability of one or more or all of the provisions of purported employee agreements that defendants allege exist or existed between Plaintiff's consultant(s) and defendant Iconics.

18. Volpe seeks a declaration and determination of all of the above-stated cases or controversies.

19. Volpe further seeks injunctive relief ordering defendants to discontinue misrepresenting to any person that defendant Iconics is the owner of any of the Works or any invention or conception or copyright or patentable subject matter disclosed or embodied in any of the Works.

20. Volpe further seeks injunctive relief ordering defendant to discontinue misrepresenting to any person that Plaintiff is not the owner of any of the Works or any invention or conception or copyright or patentable subject matter disclosed or embodied in any of the Works.

21. Volpe further seeks injunctive relief ordering defendants to discontinue any and all efforts that in any way harass, threaten, annoy, cajole or otherwise defraud Plaintiff's consultants or employees, their family members and/or colleagues.

## SECOND CAUSE OF ACTION
(Federal Copyright Infringement, 17 U.S.C. §101 et seq.)

22. Plaintiff repeats and re-alleges each allegation set forth in paragraphs 1-21 above.

23. Defendants' aforesaid conduct constitutes infringement and/or willful infringement of Plaintiff's copyright rights under Section 501 of the Copyright Act, 17 U.S.C. Sec.

101 et seq.  On information and belief, each of the defendants was a co-conspirator, alter ego or agent of the remaining defendants, and in doing the things alleged, was acting within the course and scope of such conspiracy, agency and/or relationship.  In doing the things alleged in this Complaint, each defendant was acting on behalf of, with the knowledge and consent of the other defendants.

24. Defendants each had access to one or more of the Works and are direct infringers.  If not direct infringers, each defendant is either: (1) vicariously liable for the infringement because each defendant had the right and the ability to supervise the infringing conduct and each defendant had an obvious and direct economic interest in the infringing conduct; or (2) liable for contributory infringement because each defendant knew (or ought to have known) of the infringing conduct and materially induced, caused, aided or contributed to that conduct.

25. Defendants' infringing acts have been willful, intentional, and purposeful, and have been done in disregard and indifference to Plaintiff's rights.  Plaintiff has suffered great and irreparable harm and monetary damage in an amount as yet undetermined but believed to be in excess of $10,000,000.  Defendants each had access to the Works.  Plaintiff will continue to suffer great harm and damage unless and until Defendant is enjoined from said unlawful conduct.

**REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by jury on all issues so triable.

PRAYER FOR RELIEF

WHEREFORE, plaintiff seeks relief against defendants and all those in active concert and privity with them, as follows:

-8-

1. That defendants and all those in active concert and privity with defendants (individually and collectively), their partners, agents, servants, employees, officers, attorneys, successors and assigns, be temporarily, preliminarily and permanently enjoined from infringing Plaintiff's copyrights including the copying, selling, using, marketing, distributing, displaying or otherwise exploiting infringing copies of Plaintiff's Works, and that Defendant be required to deliver up to Plaintiff all copies of Plaintiff's Works, and all materials used in making Plaintiff's Works;

2. That the Court declare and adjudicate that Plaintiff is the owner of all copyright, patent and all other intellectual property rights in and to the Works;

3. That defendants be required to pay Plaintiff all gains, profits and advantages derived by defendants arising from its infringement, or, at Plaintiff's election statutory damages;

4. That defendants be required to pay Plaintiff all general, special, punitive and all other damages incurred by Plaintiff in an amount to be determined and a doubling and/or trebling thereof.

5. That Plaintiff be awarded its costs, attorneys fees and such other and further relief as the Court deems just and proper.

Dated: October 9, 2009

Respectfully submitted,

/M. Lawrence Oliverio/

John A. Rissman, BBO #643112
M. Lawrence Oliverio, BBO #378755
Maria T. Bautista, BBO #652530
Rissman Hendricks & Oliverio LLP
100 Cambridge Street, Suite 2101
Boston, MA 02114
617-367-4600 - tel
617-367-4656 - fax
Counsel for Plaintiff